IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERRY MAUPIN; ERIK MAUPIN, | ) | CIV. NO. 24-00350 HG-KJM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHAWN J. MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT SHAWN J. MORRIS (ECF No. 35)**

**and**

**DENYING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 40)**

On August 13, 2024, Plaintiffs Terry Maupin and Erik Maupin filed a Complaint against Defendants EMA Construction LLC and Shawn J. Morris.  (ECF No. 1).

Plaintiffs' Complaint states that they hired Shawn J. Morris to conduct renovations and repairs on a condominium unit they owned for business purposes to lease and generate income.  The unit is located in Lahaina, Maui.  Plaintiffs are citizens of Washington state.

According to the Complaint, Plaintiffs paid Defendant Morris $125,000 for construction work that he performed on the unit.

1

Plaintiffs claim the work performed by Defendant Morris was of "substandard workmanship."

Plaintiffs allege that Defendant Morris falsely represented that he was affiliated with Defendant EMA Construction LLC but Defendant Morris was in fact neither affiliated with EMA Construction LLC nor licensed as a contractor.  Plaintiffs claim that after Defendant Morris performed part of the contracted work, they terminated their relationship with Defendant Morris. They later filed suit seeking damages from him and EMA Construction LLC.

The Complaint asserts four counts: (1) Breach of Contract; (2) Breach of Implied Warranty of Good Workmanship; (3) Unfair and Deceptive Trade Practices; and (4) Negligence pursuant to Hawaii state law.

Plaintiffs stipulated to dismiss their claims against Defendant EMA Construction LLC on March 17, 2025.

On July 15, 2025, Plaintiffs filed a Motion for Default Judgment as to Counts 1, 2, and 3 against Defendant Morris. Plaintiffs did not move for default judgment as to Count 4 because it was barred by the economic loss doctrine.

On September 3, 2025, the Magistrate Judge held a hearing on Plaintiffs' Motion for Default Judgment.  (ECF No. 34).

On September 8, 2025, the Magistrate Judge issued a Findings and Recommendation to Grant In Part and Deny In Part Plaintiffs'

Motion for Default Judgment against Defendant Morris.  (ECF No. 35).

The Magistrate Judge recommended granting default judgment as to Count 1 for Breach of Contract against Defendant Morris. The Magistrate Judge recommended awarding Plaintiffs only nominal damages in the amount of $1.  The Magistrate Judge found Plaintiffs failed to provide evidence to prove any amount of damages and did not prove a legal basis for their damages claim.

The Magistrate Judge recommended denying default judgment as to the remaining Counts 2 and 3 in the Complaint.  The Magistrate Judge found that Count 2 for Breach of Implied Warranty of Good Workmanship does not exist as a private right of action pursuant to Hawaii law.  As to Count 3, the Magistrate Judge found that Plaintiffs failed to demonstrate that they were entitled to bring a claim for Unfair and Deceptive Trade Practices.  Plaintiffs are not consumers within the meaning of the statute as the property is used primarily as a rental property.  The Magistrate Judge also recommended denying Plaintiffs' request for attorneys' fees.

After the Magistrate Judge issued his Findings and Recommendation, Plaintiffs filed a Motion for Leave to File a First Amended Complaint.  Plaintiffs also filed a Motion to Reconsider including requests for an Evidentiary Hearing and to Supplement the Record.

The Magistrate Judge issued an Order denying Plaintiffs'

Motion for Reconsideration and an Order denying their Motion for Leave to File a First Amended Complaint.

Plaintiffs have now filed an Objection to the Magistrate Judge's Findings and Recommendation.  (ECF No. 40).  Plaintiffs challenge the Magistrate Judge's Findings and Recommendation as to Count 1, Count 3, and their request for attorneys' fees. Plaintiffs do not challenge the Magistrate Judge's Findings and Recommendation as to Count 2.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.2, the Magistrate Judge's "FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT SHAWN J. MORRIS" (ECF No. 35) is **ADOPTED AS THE OPINION AND ORDER OF THIS COURT.**

Plaintiffs' Objections do not contain any information that requires a change in the Findings and Recommendation of the Magistrate Judge.

Plaintiffs' Objections to the Magistrate Judge's Findings and Recommendation (ECF No. 40) are **DENIED.**

## BACKGROUND/PROCEDURAL HISTORY

On August 13, 2024, Plaintiffs filed the Complaint against Defendant EMA Construction LLC and Defendant Shawn J. Morris. (ECF No. 1).

On September 4, 2024, Plaintiffs served Defendant Morris

with a summons and a copy of the Complaint. (ECF No. 10).
Defendant Morris was required to file an answer or respond to the
Complaint by September 25, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i).

On September 19, 2024, Defendant EMA Construction LLC filed
a Waiver of Service. (ECF No. 12).

On September 26, 2024, Plaintiffs filed a Request for Entry
of Default against Defendant Morris for failure to respond to the
Complaint and Summons by September 25, 2024. (ECF No. 14).

On September 27, 2024, the Clerk of Court filed an Entry of
Default against Defendant Morris. (ECF No. 16).

On October 3, 2024, Defendant Morris filed an untimely
Answer. (ECF No. 17).

On October 25, 2024, Defendant EMA Construction LLC filed an
Answer to the Complaint and a Cross-Claim Against Defendant
Morris. (ECF No. 21).

On February 18, 2025, Plaintiffs entered into a settlement
on the record with Defendant EMA Construction LLC before the
Magistrate Judge. (ECF No. 28). Defendant EMA Construction LLC
also settled its cross-claim against Defendant Morris. (Id.)

On March 18, 2025, the Court approved a Stipulation and
Order to Dismiss all claims by and against Defendant EMA
Construction LLC. (ECF No. 29).

On July 15, 2025, Plaintiffs filed a Motion for Default
Judgment against Defendant Morris. (ECF No. 30).

On September 3, 2025, the Magistrate Judge held a hearing on Plaintiffs' Motion for Default Judgment Against Defendant Morris. (ECF No. 34).

On September 8, 2025, the Magistrate Judge issued the FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT SHAWN J. MORRIS. (ECF No. 35).

On September 22, 2025, Plaintiffs filed two Motions:

(1)  Plaintiffs' First Motion was a Motion for Leave to File First Amended Complaint. (ECF No. 36).

(2)  Plaintiffs' Second Motion requested three things. Plaintiffs' Second Motion sought Reconsideration of the Findings and Recommendation, an Evidentiary Hearing, and an Opportunity to Supplement the Record. (ECF No. 37).

On September 26, 2025, the Magistrate Judge issued an Order denying Plaintiffs' Second Motion that sought Reconsideration, to Supplement the Record, and to Set an Evidentiary Hearing. (ECF No. 38).

On October 3, 2025, the Magistrate Judge issued an Order denying Plaintiffs' First Motion that Sought Leave to File First Amended Complaint. (ECF No. 39). The Magistrate Judge found that Plaintiffs failed to address the good cause standard required to amend the scheduling order pursuant to Fed. R. Civ. P. 16. (Id.)

On October 10, 2025, within fourteen days of the denying of the Motion for Reconsideration, Plaintiffs filed an Objection to

the Magistrate Judge's Findings and Recommendation.  (ECF No. 40).

Objections to a Magistrate Judge's Findings and Recommendations are decided without a hearing pursuant to District of Hawaii Local Rule 7.1(d).

## STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit a findings and recommendation to the district court judge.  Any party may object to a magistrate judge's findings and recommendation, pursuant to District of Hawaii Local Rule 74.1.

The district court judge shall make a de novo determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1)(c); Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

## ANALYSIS

Plaintiffs have three objections to the Magistrate Judge's Findings and Recommendation (ECF No. 40):

(1)  Plaintiffs object to the Findings and Recommendation awarding only nominal damages as to Count 1 for Breach

of Contract;

(2) Plaintiffs object to the Findings and Recommendation to deny relief on Count 3 because Plaintiffs failed to demonstrate that they were a "consumer" as is required in order to bring a claim for Unfair and Deceptive Trade Practices;

(3) Plaintiffs object to the Findings and Recommendation denying Plaintiffs' request for attorneys' fees.

## COUNT 1: BREACH OF CONTRACT

### A.  The Magistrate Judge Properly Found That Plaintiffs Were Only Entitled To Nominal Damages For Their Breach of Contract Claim

A plaintiff's allegations regarding damages are not deemed true at default judgment and the plaintiff bears the burden to prove entitlement to damages. See Fed. R. Civ. P. 55(b)(2)(C); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

Pursuant to Hawaii law, the general rule is that in an action for damages for breach of contract, plaintiff must establish that:

(1) the requested damages are the natural and proximate consequence of the breach;

(2) the requested damages are incidental to the contract and were caused by its breach; and

(3) the requested damages were in the contemplation of the parties at the time the contract was entered into.

Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 839 P.2d 10, 32 (Haw. 1992) (citing Ferreira v. Honolulu Star-Bulletin, Ltd., 356 P.2d 651, 655 (Haw. 1960)).

Under Hawaii law, damages for breach of contract are awarded based on the amount of just compensation commensurate with the loss so long as the loss is established "with reasonable certainty and excludes any showing or conclusion founded upon mere speculation or guess." Burgess v. Arita, 704 P.2d 930, 936-37 (Haw. App. 1985).  Consequential damages outside of the reasonable expectations of the parties are not recoverable. Francis v. Lee Enters., Inc., 971 P.2d 707, 712-13 (Haw. 1999).

When a plaintiff fails to establish the amount of loss in relation to a breach of contract, nominal damages are awarded. Omura v. Am. River Invs., 894 P.2d 113, 115 (Haw. App. 1995); Restatement (Second) of Contracts § 346(2).

Plaintiffs' case centers on claims for defective construction on their condominium rental property located in Lahaina, Hawaii.  In May 2023, their unit flooded after a leak in a faulty pipe.  (Complaint at ¶ 10).  Plaintiffs reported the leak to the Board of Directors for the Association of Apartment Owners of Kulakane which governed their condominium unit.  (Id. at ¶¶ 8, 11).  Plaintiffs were unhappy with the manner in which the Board handled their flood claims.  (Id. at ¶¶ 12-26). Plaintiffs assert that they did not name the Board of Directors, the Association of Apartment Owners of Kulakane, or the insurance carrier to the lawsuit due to the "mediation and/or arbitration requirements under the Project's governing documents and other

applicable law." (<u>Id.</u> at ¶ 27).

Instead of seeking to resolve their purported flood damages with the Board or its insurance carrier, Plaintiffs entered into a contract with Defendant Morris to repair the damage from the leak approximately three months after the leak occurred. (<u>Id.</u> at ¶ 29). Plaintiffs also contracted with Defendant Morris to perform substantial renovation work. (<u>Id.</u>)

On August 23, 2023, Defendant Morris submitted an estimate for repair and renovation work to the unit that totaled $138,802.53. (<u>Id.</u> at ¶ 31).

Paragraph 31 of the Complaint states: "The repairs and renovations included: repairing and renovating two bathrooms, renovating the kitchen cabinets, countertops and tile floor, interior painting, electrical and plumbing work, and various other renovations to the Unit." (<u>Id.</u>)

Paragraph 32 states: "Some of the renovation work to be performed by Morris was to restore the Unit to its pre-flood condition, and other work consisted of upgrades and improvement." (<u>Id.</u> at ¶ 32).

Plaintiffs claim they paid Defendant Morris a $15,000 deposit when work began on the repairs and renovations in October 2023. (<u>Id.</u> at ¶¶ 41, 42). Plaintiffs claim they paid Defendant Morris overall a total of $125,000. (<u>Id.</u> at ¶ 43).

Plaintiffs allege the work conducted by Defendant Morris was

defective and of substandard workmanship.  Plaintiffs state that they terminated their contract with Defendant Morris in January 2024.  (Id. at ¶ 52).

Plaintiffs waited three more months, until April 2024, when Plaintiffs state they contacted another contractor to repair and complete Defendant Morris's defective work.  (Id. at ¶ 55).

Four months later, in August 2024, Plaintiffs filed the lawsuit against Defendant Morris and EMA Construction LLC.  Plaintiffs seek damages against Defendant Morris for breach of contract.

In their Motion for Default Judgment, Plaintiffs requested $125,000 allegedly paid to Defendant Morris for the construction work; damages for costs allegedly paid directly to vendors totaling $20,000; damages for hiring a separate company to repair and complete the work performed by Defendant Morris.  Plaintiffs also seek damages of $56,800.00 for lost rental income for the period of the remediation and construction of their rental unit.  (Id. at ¶ 75).

Plaintiffs acknowledge that Defendant Morris performed work on their property during a four month period, from October 2023 into January 2024.  Plaintiffs seek the benefit of all the repairs and improvements performed by Defendant Morris and yet be reimbursed for the cost.  Plaintiffs did not address their failure to mitigate any damages for their alleged loss of rental

income.  They waited months before hiring each contractor.

On July 15, 2025, Plaintiffs filed a Motion for Default Judgment.  (ECF No. 30).

On September 3, 2025, the Magistrate Judge held a hearing on their Motion.  (ECF No. 34).  The Magistrate Judge permitted Plaintiffs to submit evidence and argument in support of their damages request for breach of contract.

On September 8, 2025, the Magistrate Judge issued the Findings and Recommendation.  (ECF No. 35).  As to Count 1 for Breach of Contract, the Magistrate Judge found that the Plaintiffs established the elements of their breach of contract claim against Defendant Morris, but ruled that (A) Plaintiffs failed to prove the amount of damages and (B) failed to submit admissible evidence to support their request.  (F&R at pp. 12-18, 26-32, ECF No. 35).  The Magistrate Judge found nominal damages had been proven in the amount of $1.  (Id.)

First, the Magistrate Judge found that Plaintiffs failed to provide proof that they actually paid $125,000.  Plaintiffs did not submit admissible evidence to prove payment to Defendant Morris.

Second, the Magistrate Judge found that Plaintiffs were not able to recover the $125,000 allegedly paid to Defendant Morris as a matter of law because there was no dispute that he performed work.  Plaintiffs failed to show the value of work performed or

12

the work not completed.

Third, the Magistrate Judge found that Plaintiffs did not provide admissible evidence that they paid $20,000 directly to vendors.

Fourth, the Magistrate Judge found that Plaintiffs failed to prove by admissible evidence that the amounts paid to the second contractor were to remedy the work performed by Defendant Morris. The Magistrate Judge also ruled that Plaintiffs failed to establish that they were entitled to such costs as a result of the breach of contract by Defendant Morris.

Fifth, the Magistrate Judge found that Plaintiffs failed to establish that they were entitled to recover any purported lost rental income as a result of the breach of contract because it was not foreseeable or contemplated by the parties at the time of the contract.  Plaintiffs' delay in remediation also showed a lack of effort to mitigate damages.

**B.    Plaintiffs' Objections To The Magistrate Judge's Finding And Recommendation As To Breach Of Contract**

**1.    Plaintiffs Were Afforded A Hearing On Their Motion For Default Judgment**

The Magistrate Judge held a hearing on Defendants' Motion for Default Judgment on September 3, 2025.  (ECF No. 34).  The Magistrate Judge properly afforded the Plaintiffs an opportunity to be heard and to submit evidence in support of their damages

13

request.  Plaintiffs failed to submit admissible evidence to support their damages request.

Plaintiffs argue they should be given a second try.  They ask for another evidentiary hearing to prove their damages claims.  Plaintiffs are not entitled to such a hearing.  The Federal Rules of Civil Procedure do not require evidentiary hearings on a Motion for Default Judgment.  Fed. R. Civ. P. 55(b)(2); see Budanio v. Saipan Marine Tours, Inc., 22 Fed. Appx. 708, 712 (9th Cir. 2001).  No additional hearing is required nor would be appropriate.  Plaintiffs' failure to provide admissible evidence at the September 3, 2025 hearing does not provide a basis for an additional evidentiary hearing.  There was no error by the Magistrate Judge.

> **2.    Evidence As To The Amount Of Damages Must Be Established By Admissible Evidence In A Motion For Default Judgment**

It is well settled that on a motion for default judgment, Plaintiffs carry the burden to prove their damages by providing detailed affidavits and supporting exhibits.  Assaf v. Carp, 2018 WL 6051514, *1 (C.D. Cal. 2018).  To recover damages in a default judgment, a plaintiff must prove the relief it seeks through admissible evidence, testimony, or written affidavit. Yelp Inc. v. Catron, 70 F.Supp.3d 1082, 1091 (N.D. Cal. 2014).

It is a fundamental rule of evidence that a trial court can

only consider properly authenticated evidence in compliance with
Rule 901 of the Federal Rules of Evidence when deciding a motion
for default judgment. <u>Great Am. Ins. Co. v. Pool</u>, 2022 WL
2102014, *1 (C.D. Cal. Apr. 4, 2022); <u>see also</u> <u>Orr v. Bank of
Am.</u>, 285 F.3d 764, 773-74 (9th Cir. 2002).

There can be no dispute that Plaintiffs failed to submit
authenticated evidence in compliance with Fed. R. Evid. 901 in
support of their Motion for Default Judgment.  Plaintiffs'
evidence was also inadequate and incomplete to prove the amount
of requested damages.  Fed. R. Evid. 106; Fed. R. Evid. 1002.
Reliance on incomplete evidence would result in damages based on
speculation.  <u>Ferreira</u>, 356 P.2d at 656.

In their Objections, Plaintiffs state: "The Magistrate Judge
erred by sua sponte declining to consider Plaintiffs' evidence of
damages based solely on lack of authentication, without engaging
in a meaningful Rule 403 balancing test, and without permitting
Plaintiffs the opportunity to cure the alleged issue through an
evidentiary hearing." (Objections at p. 17, ECF No. 40).

Plaintiffs' reliance on Fed. R. Evid. 403 to argue that
their inadmissible evidence should have been considered because
it was more relevant than prejudicial fundamentally
misunderstands the Federal Rules of Evidence.  Plaintiffs ignored
Federal Rule of Evidence 901 and failed to submit admissible
evidence of their claimed damages in conformity with the Federal

Rules of Evidence.

The Magistrate Judge did not err in awarding only nominal damages.

### 3. A Plaintiff Seeking Breach Of Contract Damages May Not Be Awarded Damages That Place Him In A Better Position Than He Would Have Been Without A Breach

It is well-settled that a plaintiff is not entitled to damages that would place him in a better position because of a breach than he would have enjoyed had the contract been performed. Ravelo by Ravelo v. Hawaii Cnty., 658 P.2d 883, 888 (Haw. 1983); see also Agam v. Gavra, 236 Cal. App. 4th 91, 106 (Cal. App. 2015); Cheyenne Constr., Inc. v. Hozz, 720 P.2d 1224, 1227 (Nev. 1986); Rathke v. Roberts, 207 P.2d 716, 720 (Wash. 1949).

Here, Plaintiffs seek compensation for repairs and renovations to their rental unit property. Plaintiffs declined to seek arbitration or mediation against their Association of Apartment Owners or its insurance carrier for damage caused by a leaking pipe. Plaintiffs instead chose to contract with Defendant Morris to perform repairs and renovations to the rental unit. They now seek compensation for the repairs and renovations that Defendant Morris performed over a four month period, from October 2023 into January 2024. They also seek compensation for the repairs and renovations performed by ADX Construction, Inc.

16

to allegedly repair the work performed by Defendant Morris, four months later, in April 2024.

The Magistrate Judge properly ruled that Plaintiffs were not entitled to seek damages that would effectively have placed them "in a better position than if the contract had been performed. That is not the purpose of contract damages." (F&R at p. 29, ECF No. 35).

Plaintiffs also sought damages for loss of rental income and provided no basis for the request. The Magistrate Judge properly found that the contract Plaintiffs entered into with Defendant Morris was devoid of any mention of damages for loss of rental income and there was no evidence that it was contemplated by the parties at the time of the agreement. Francis, 971 P.2d at 712-13. Plaintiffs also failed to mitigate their damages as they waited four months until they contracted with ADX Construction Inc.

The Magistrate Judge properly awarded Plaintiffs only nominal damages for Count 1 for Breach of Contract against Defendant Morris. Plaintiffs failed to establish the basis for their damages request with reasonable certainty. The evidence submitted by Plaintiffs was unreliable and failed to comply with the Federal Rules of Evidence. Plaintiffs are not entitled to their requested breach of contract damages that are based on speculation and conjecture. Ferreira, 356 P.2d at 656.

**COUNT 3:   UNFAIR AND DECEPTIVE TRADE PRACTICES PURSUANT TO HAW.
REV. STAT. § 480-2**

> **A.   Plaintiffs Must Be "Consumers" In Order To Bring A
> Claim Pursuant To Haw. Rev. Stat. § 480-2**

Chapter 480 of the Hawaii Revised Statutes is Hawaii's
Unfair and Deceptive Trade Practices Act.  The statute protects
consumers from unfair and deceptive trade or commerce.  Chapter
480 was specifically designed to protect individual consumers
rather than businesses.  Joy A. McElroy, M.D., Inc. v. Maryl
Group, Inc., 114 P.3d 929, 942 (Haw. App. 2005).

Haw. Rev. Stat. § 480-1 defines a consumer as "a natural
person who, primarily for personal, family, or household
purposes, purchases...goods or services or who commits money,
property, or services in a personal investment."  Haw. Rev. Stat.
§ 480-1.  No person other than a consumer, the attorney general,
or the director of the office of consumer protection may bring an
action based upon unfair or deceptive acts or practices.  Haw.
Rev. Stat. § 480-2.

A person who purchases real estate for one's personal,
family, or household purposes is a consumer.  Cieri v. Leticia
Query Realty, Inc., 905 P.2d 29, 40 (Haw. 1995).  Real estate for
business purposes is not a personal investment and does not
qualify for protection pursuant to Chapter 480.  See Sung v.
Hamilton, 710 F.Supp.2d 1036, 1052-53 (D. Haw. 2010).

18

**B.    The Magistrate Judge Properly Found Plaintiffs Were Not Consumers As Required To Bring A Claim Pursuant To Haw. Rev. Stat. § 480-2 And Plaintiffs' Objections Are Without Merit**

The Complaint does not allege that Plaintiffs are "consumers" within the meaning of the statute.  The Magistrate Judge found in the Findings and Recommendation that Plaintiffs' Section 480-2 claim was not cognizable because Plaintiffs sought damages of lost rental income for a business purpose and not for their personal household as "consumers." (F&R at pp. 21-22, ECF No. 35).

Plaintiffs acknowledge in their Objections that they did not plead facts to establish that Plaintiffs are consumers for purposes of Section 480-2.  Rather, Plaintiffs merely argue that they should have been entitled to a separate evidentiary hearing on the issue.  (Pl.s Objections at pp. 17-18, ECF No. 40).

Here, the Magistrate Judge properly found that the Complaint alleged Plaintiffs did not live in the condominium unit in Lahaina, Maui, but rather they lived in Washington state. Plaintiffs allege that the unit was used for business purposes to generate rental income.  Plaintiffs sought damages for lost rental income of $6,000 a month on the property due to Defendant Morris's alleged poor construction.

Plaintiffs do not qualify as "consumers" because the unit for which they sought damages was used for business purposes to

generate rental income and not for personal, family, or household purposes.  Sung, 710 F.Supp.2d at 1052-53.

## PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES

The only count for which Plaintiffs were entitled to relief was Count 1 for Breach of Contract.  The Magistrate Judge awarded nominal damages of $1 and declined to award attorneys' fees.

Plaintiffs Object to the finding but provide no analysis in their Objections.  (Pl.'s Objections at p. 11, ECF No. 40).

The Magistrate Judge properly declined to award attorneys' fees as Plaintiffs' only meritorious claim was for $1 in nominal damages for breach of contract.

Haw. Rev. Stat. § 607-14 allows for the award of attorneys' fees in actions in the nature of assumpsit such as breach of contract.  The fee is one "the court determines to be reasonable."  Haw. Rev. Stat. § 607-14.  Awarding attorneys' fees in this case would not be reasonable.  The Court declines to award attorneys' fees in this case where Plaintiffs are entitled to only $1 in nominal damages.  See Mau v. Mitsunaga & Assoc., Inc., 742 Fed. Appx. 279, 280 (9th Cir. 2018) (affirming the denial of attorneys fees under Hawaii state law when the prevailing party was only awarded $1 in nominal damages).

**CONCLUSION**

The Magistrate Judge's "FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT SHAWN J. MORRIS" (ECF No. 35) is **ADOPTED AS THE OPINION AND ORDER OF THIS COURT.**

Plaintiffs' Objections to the Magistrate Judge's Findings and Recommendation (ECF No. 40) are **DENIED.**

The Clerk of Court is **ORDERED** to issue Judgment in favor of Plaintiffs for $1 as to Count 1 in the Complaint and to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: November 26, 2025, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Terry Maupin; Erik Maupin v. Shawn J. Morris, Civ. No. 24-00350 HG-KJM; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT SHAWN J. MORRIS (ECF No. 35) and DENYING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 40)**

21